# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHRISTINA HARRIS, | : | CIVIL ACTION |
|     Plaintiff | : | |
| | : | |
| v. | : | |
| | : | |
| THE PHILADELPHIA POLICE DEPARTMENT, et al., | : | No. 06-CV-2192 |
| | : | |
|     Defendants | : | |

## MEMORANDUM AND ORDER

Plaintiff Christina Harris has filed a motion for my recusal in this civil rights case. The basis for this motion is my order of September 26, 2006, directing Ms. Harris to retain counsel or proceed pro se, but denying her attempt to be represented by Anthony Johnson, an individual who has her power of attorney but is not an attorney-at-law. Ms. Harris contends this ruling evidences bias on my part.[1] I have considered Ms. Harris' arguments and will DENY her motion to recuse.

1. Factual and procedural background

This is a proceeding filed pursuant to 42 U.S.C. § 1983 alleging the Philadelphia Police Department violated Ms. Harris' constitutional rights by striking her in the head, using excessive force in arresting her without cause, abuse of process, delaying medical treatment, and denying her an opportunity to communicate with her family while detained. Ms. Harris also asserts that the actions of the police were condoned by the city of Philadelphia. She seeks compensatory

---

[1] Attached to Ms. Harris' motion is a complaint purportedly filed with the United States Court of Appeals for the Third Circuit challenging my competency to conduct these proceedings filed by both Anthony Johnson and Christina Harris. There is no record of this complaint having been filed in the Court of Appeals.

damages, punitive damages, and injunctive relief.

On July 20, 2006, I ordered Ms. Harris to provide the court and defense counsel with her telephone number, the times she can be reached, and her fax number. A telephone conference was scheduled for September 12, 2006, to discuss various procedural and scheduling issues. On August 7, 2006, this order was returned by the post office as undeliverable. With the help the assistant city solicitor, Ms. Harris' phone number was obtained and the telephone conference was held as scheduled.

During the conference, Ms. Harris advised me court that she would be represented by Anthony Johnson, Esquire. I told Ms. Harris that counsel had not entered an appearance on her behalf and that she was responsible for meeting all deadlines until he had done so. On September 13, 2006, in an order memorializing the telephone conference proceedings, Ms. Harris was again directed to provide contact information to me and defense counsel. She was further directed to have her attorney promptly enter his appearance and be prepared for the next conference. Thereafter, Mr. Johnson began filing various pleadings on behalf of Ms. Harris under a power of attorney she had given him.

A review of the documents filed by Mr. Johnson revealed that he was acting on Ms. Harris' behalf through the power of attorney and not as an attorney at law. I also verified through the Clerk of Court that Anthony Johnson is not a licensed Pennsylvania attorney. As a result, I contacted Ms. Harris to inform her that Mr. Johnson was not permitted to represent her in these proceedings. I then extended the previously set deadlines in order to give Ms. Harris sufficient opportunity to comply by retaining appropriate counsel or proceeding pro se. This motion to recuse followed.

2. Discussion

A judge must disqualify himself in any proceeding in which his impartiality might reasonably be questioned. 28 U.S.C. § 455(a). He shall also disqualify himself if he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding. 28 U.S.C. § 455(b)(1).[2]

Just as a judge has a duty to recuse himself where there are sufficient facts to show that a reasonable person would question the judge's impartiality, a judge also has an affirmative duty not to recuse himself in the absence of such proof. *See Lambert v. Blackwell*, 205 F.R.D. 180, 180-81 (E.D. Pa 2002); *see also United States v. Burger*, 964 F.2d 1065, 1070 (10th Cir. 1992)("there is as much obligation for a judge not to recuse when there is no occasion for him to do so as there is for him to do so when there is").

It is the rare case in which a judicial ruling provides a valid basis for a bias or partiality motion under 28 U.S.C. § 455(a). *See Liteky v. United States*, 510 U.S. 540, 555 (1994) (citing *United States v. Grinnell Corp.*, 384 U.S. 563, 583 (1966)). Moreover, "opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." *Id.*

Ms. Harris contends that her power of attorney authorizes Mr. Johnson to act on her

---

[2] Ms. Harris indicates that she and Mr. Johnson are participants in a "standing challenge against William Ditter, Jr., and other Third Circuit justices" filed in 1995, and again in 2006. This action purportedly challenges my competence as a judge based on 28 U.S.C. § 372(c)(1)-(6), a section of the code that was repealed in 2002. She has provided no facts sufficient to support such a claim. Ms. Harris' bald assertions of racism and of bias against Mr. Johnson are simply false.

behalf in this court pursuant to Pennsylvania's Probate Code, 20 Pa. C.S.A. § 5601, et seq. She is wrong. It is settled Pennsylvania law that the unlicensed, in-court representation of another is considered engaging in the prohibited practice of law and that a power of attorney does not overcome that prohibition. *See Kohlman v. Western Pennsylvania Hospital*, 652 A.2d 849, 852-53 (Pa. Super. 1994) (rejecting claim that an agent authorized to act for a pro se litigant may bring suit for that person as contrary to the constitution, the laws, and the public policy of Pennsylvania). In *Kohlman*, the Superior Court acknowledged that an attorney-in-fact was empowered to pursue claims and litigation. *See* 20 Pa. C.S.A. § 5602(a)(20). However, that power cannot be construed as an authorization to litigate on behalf of another, that is, to practice law.

> To construe the Probate Code so as to permit a non-attorney to appear and represent a principal in a court of record would be to permit the licensing and admission requirements [of the Supreme Court of Pennsylvania] to be circumvented. In addition, such an interpretation would effectively abrogate the Judicial Code's prohibition against the unlicensed practice of law. The potential problems created by the use of the power of attorney as a means of encouraging the unauthorized practice of law are obvious. Of course, if the principal wishes to proceed pro se, he or she may do so. However, the power of attorney cannot be used as a device to license laypersons to act as an attorney-at-law.

*Kohlman*, 652 A.2d at 852.

The powers listed in the Probate Code, 20 Pa. C.S.A. §§ 5602 and 5603, permit a designated agent to act for a client where that client is represented by an attorney. These powers do not grant an agent authority to act as an attorney - only as a client of an attorney.

Similarly, federal courts do not permit a non-attorney to engage in the unauthorized practice of law by pursuing an action pro se with the plaintiff's power of attorney. *Leyfert v.*

4

*Commonwealth of Pa.,* 2005 U.S. Dist. LEXIS 32498, **5-7 (E.D. Pa. Dec. 13, 2005). In all courts of the United States the parties may plead and conduct their own cases personally or by counsel. *See* 28 U.S.C. § 1654. However, the right to proceed pro se in civil cases is a personal right. *C.E. Pope Equity Trust v. United States*, 818 F.2d 696, 697 (9th Cir. 1987). "Because pro se means to appear for one's self, a person may not appear on another person's behalf in the other's cause." *Iannaccone v. Law*, 142 F.3d 553, 558 (2d Cir. 1998); *see also Collinsgru v. Palmyra Bd. of Educ.*, 161 F.3d 225, 232 (3d Cir. 1998) ("The rule that a non-lawyer may not represent another person in court is a venerable common law rule."). In fact, a non-lawyer with power of attorney is not even permitted to represent his family members in court. *See Osei-Afriyie v. Medical College of Pa.*, 937 F.2d 876, 882-83 (3d Cir. 1991) (parents cannot proceed on behalf of their pro se children); *Silverstein v. Percudani*, 2005 U.S. Dist. LEXIS 10005 (M.D. Pa. May 26, 2005) (pro se non-lawyer may not represent the interests of his family in court). Thus, both state and federal law prohibit Mr. Johnson from representing Ms. Harris in this case. He may not file any documents or represent her in any proceedings in this case, including the conduct of depositions. However, Mr. Johnson may give Ms. Harris advice, consult with her, and make suggestions to her; what he may not do is act for her.

    3. <u>Conclusion</u>

    Under the recusal standards of 28 U.S.C. § 455(a), I conclude that Ms. Harris' motion for recusal is without merit. Ms. Harris has not alleged any facts to establish a genuine basis for an objectively reasonable person to believe that I harbor any personal bias or prejudice against her. The asserted basis for recusal - my order denying Ms. Harris' attempt to have a non-attorney represent her in court proceedings - is not a valid ground for a recusal motion. First, it does not

5

evidence any antagonism or animosity toward Ms. Harris.  Second, it is the correct legal decision on the issue.  I cannot be disqualified under 28 U.S.C. § 455(a) merely because Ms. Harris disagrees with my decision, and I am satisfied that no reasonable person, knowing all the circumstances of this case, would harbor doubts concerning my impartiality.  Therefore, Ms. Harris' motion for recusal is denied.  An appropriate order follows.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHRISTINA HARRIS, | : | CIVIL ACTION |
| Plaintiff | : | |
| | : | |
| v. | : | |
| | : | |
| THE PHILADELPHIA POLICE DEPARTMENT, | : | No. 06-CV-2192 |
| et al., | : | |
| Defendants | : | |

## O R D E R

AND NOW, this 20th day of October, 2006, upon consideration of Ms. Harris' motion for recusal (Dkt. # 11), and for the reasons set forth in the accompanying Memorandum, it is hereby ORDERED that the motion is DENIED.

BY THE COURT:

/s/ J. William Ditter, Jr.
J. WILLIAM DITTER, JR., S.J.